UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARK W. GILLICK, | ) | CASE NO. 4:10 CV 0142 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | OPINION AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is pro se petitioner Mark W. Gillick's above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is incarcerated at the Federal Satellite Low in Elkton, Ohio (F.S.L. Elkton) and names Warden J.T. Shartle as Respondent. Mr. Gillick asserts his right to due process was violated by Respondent's misinterpretation of the Second Chance Act of 2007. He seeks a reconsideration of his placement in a Community Corrections Center (C.C.C.) and earlier release than the date established by the Bureau of Prisons (BOP). For the reasons set forth below, the petition is dismissed.

*Background*

On March 8, 2008, Judge Donovan Frank of the United States District Court of Minnesota sentenced Mr. Gillick to serve 33 months imprisonment for violating 15 U.S.C. §78ff. See United States v. Gillick, No. 07cr0333 (Minn. 2007). Petitioner began serving his sentence on May 12, 2008.

Within one year from the date he began serving his sentence, Mr. Gillick filed a Request for Administrative Remedy at F.C.I. Elkton. He sought 180 days placement in a C.C.C. under the provisions of the Second Chance Act of 2007 ("the Act"). On the same date he filed his request, it was denied. Petitioner claims his Case Manager, Ms. Pitts, determined 60-90 days placement in a C.C.C. was sufficient duration "for successful reintegration into the community." (Pet. at 4.) Mr. Gillick challenged this decision to his Unit Team, claiming 90 days were insufficient. The request was denied, and petitioner appealed to Warden Shartle. The warden denied his "request by stating 'After careful review of the aforementioned criteria, it has been determined a 60-90 days C.C.C. placement is sufficient. Based upon these findings, your request for Administrative Remedy is denied." (Pet. at 5.)

An appeal was filed by petitioner with the BOP's Central Office on September 14, 2009 and received on November 23, 2009. It was rejected as improperly filed, and Mr. Gillick resubmitted his appeal the same day. Although the resubmission was marked 'received' on November 24, 2009, almost two months passed without a response. Based on these facts, petitioner considered his appeal denied by the Central Office and filed his petition in this court.

Petitioner's final release date is October 28, 2010. He believes the Second Chance Act entitles him to 180 days placement in a C.C.C. rather than the 60-90 days placement recommended by the BOP. Citing opinion in lieu of relevant case law, Mr. Gillick claims the respondent's interpretation of the Act is

> contrary to the unambiguous intent of Congress . . . for enhanced and improve[d] use of community corrections, and that an underlying premise of the Second Chance Act is that the more time an inmate spends in a C.C.C. before he/she is released from BOP custody, the more likely that his /her community

reintegration will be successful.

(Pet. at 8.) Mr. Gillick suggests the BOP has "maintained adherence to its pre-Second Chance Act standard of limiting community corrections to six months . . . and has not utilized home detention to accelerate participation in community correction by beginning the transfer to the halfway house earlier followed by up to six months of home detention." (Pet. at 8.)

*Initial Review*

This matter is before the court for screening. 28 U.S.C. § 2243; Harper v. Thoms, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir.2001). As Mr. Gillick is appearing pro se, his petition is held to less stringent standards than those drafted by attorneys. Burton v. Jones, 321 F.3d 569, 573 (6th Cir.2003); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, this petition lacks merit.

*Pre-Release Community Confinement*

After a district court sentences a federal offender, it is the Attorney General (through the BOP) who has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). This authority is essentially codified in two statutes. The first, 18 U.S.C. § 3621(b), states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets the minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be

3

>>appropriate and suitable, considering-
>
>>>(1) the resources of the facility contemplated;
>>>(2) the nature and circumstances of the offense;
>>>(3) the history and characteristics of the prisoner;
>>>(4) any statement by the court that imposed the sentence-
>>>
>>>>(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>>(B) recommending a type of penal or correctional facility as a appropriate; and
>
>>(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

The second relevant statute, 18 U.S.C. § 3624(c), instructs the BOP to facilitate a prisoner's reentry into society. Section 3624 was amended by Congress in 2007 through the Second Chance Act ("the Act"), 42 U.S.C. § 17501 (effective April 9, 2008). The Act amended the statute to direct that: "the BOP Director shall ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act, Pub. L. 110-199, § 251, 122 Stat. 660, 692 (2008).

The BOP issued an interim policy memorandum on April 14, 2008 to address Residential Rentry Center (RRC) placement considerations in accordance with the Act. The memorandum states the "categorical timeframe limitations on prerelease community confinement" found in 28 C.F.R. §§ 570.20 and 570.21 "are no longer applicable and must no longer be followed."

4

The memorandum further required that RRC placement decisions be made on an individual basis with reference to the five-factor criteria set out in section 3621(b).

Mr. Gillick argues the BOP is not considering the five factors outlined in the statute. There are no facts alleged, however, that support his argument. Instead, petitioner challenges the BOP's decision because he believes he is entitled to the amount of time he requested rather than the length of time the BOP has recommended. The focus and foundation of Mr. Gillick's argument is that more time in C.C.C. placement is better than less time. He fails, however, to successfully refute the BOP's determination based on the remaining four factors in the statute.

Congress has vested the BOP "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoner." 18 U.S.C. § 3621; Moody v. Daggett, 429 U.S. 78, 88 (1976); Beard v. Livesay, 798 F.2d 874 (6th Cir.1986). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Moreover, the Act did not create carte blanche entitlement to extended placement in C.C.C.s for federal prisoners. The court's jurisdictional reach, and Congress' mandate dictate only that BOP decisions be made on an individual basis with reference to the five-factor criteria set out in 18 U.S.C. § 3621(b).

Nothing in the record reveals that Mr. Gillick did not receive all of the relief to which he is entitled. By his own admission, petitioner claimed Warden Shartle considered all the relevant factors required in the statute before denying his request. Other than the fact petitioner did not receive 180 days placement in a C.C.C. during his 33 months prison term, no other facts suggest the BOP categorically denied his request for longer C.C.C. placement. Petitioner has no due process

right to be placed in a C.C.C. earlier than the date on which the BOP assigns him--as long it has considered the factors set forth in § 3621(b) as required by the Second Chance Act of 2007.

*Conclusion*

Based on the foregoing, petitioner's motion to proceed in forma pauperis is granted and this petition is dismissed pursuant to 28 U.S.C. § 2243. Upon due consideration of the dismissal of this petition, Mr. Gillick's Motion for Show Cause Writ [Dkt. #6] is denied as moot. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE